**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Junior Bostick, | No. CV-20-00297-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| A. Gallion, et al., | |
| Defendants. | |

On August 31, 2020, Plaintiff Ronnie Junior Bostick, who is confined in the United States Penitentiary-Tucson (USP-Tucson) in Tucson, Arizona, filed a *pro se* civil rights First Amended Complaint, alleging a claim under the Federal Torts Claim Act, 28 U.S.C. § 1346(b). (Doc. 15.) The Court will dismiss the complaint without prejudice.

**I.    Exhaustion of FTCA Claim**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Before a plaintiff can file an FTCA action in federal court, he must exhaust the administrative remedies for his claim and file an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing . . .. The FTCA's exhaustion requirement is jurisdictional and may not be waived." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). The Ninth Circuit Court

of Appeals has "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

Plaintiff has not alleged whether or when he submitted a claim to the Bureau of Prisons or whether and when he received either "a conclusive denial of the claim from the agency or wait[ed] for six months to elapse without a final disposition of the claim being made." *Id.*; *see Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (a claimant under the FTCA must comply with § 2675(a) before a district court can exercise subject matter jurisdiction over the claim). Accordingly, Plaintiff fails to state an FTCA claim in the complaint, and it will be dismissed.[1]

**II.     Leave to Amend**

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiency outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the prior complaints by reference. Plaintiff may include only one claim per count. Plaintiff is further advised that he must comply with Local Rule of Civil Procedure 15.1(b).[2]

---

[1] Although Plaintiff alleged in his original complaint that he exhausted the administrative remedies for his claim, the Court does not look to the original complaint after amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

[2] Local Rule of Civil Procedure 15.1(b) provides:

> If a party files an amended pleading as a matter of course . . . the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any party of the preceding pleading, including exhibits.

A second amended complaint supersedes all prior complaints. *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the prior complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the previous complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Accordingly,

**IT IS ORDERED** that the First Amended Complaint (Doc. 15.) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff two court-approved forms—one to use for preparing a second amended complaint and a second to use to bracket and strike through text that is deleted and underline text that is added.

Dated this 21st day of September, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge